FILED
SUPERIOR COURT
OF GUAM

2021 APR -5 PM 4: 14

BY_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| IN THE MATTER OF THE ESTATES OF: | Case No. PR0116-20 |
| HECTORE CAMACHO SGAMBELLURI, HECTORE CRUZ SGAMBELLURI, ROSIE SGAMBELLURI GUERRERO, ALFRED C. SGAMBELLURI, and FRANKIE S. ALFAGUE<br>Deceased. | DECISION AND ORDER |
| By: | |
| EUNICE AFLAGU and ALFRED P.C. SGAMBELLURI | |
| Petitioners. | |

## INTRODUCTION

This probate matter comes before the Honorable Arthur R. Barcinas upon competing Petitions for Letters of Administration. Attorney Gary Gumataotao represents Co-Petitioners Eunice Aflague and Alfred P.C. Sgambelluri ("Eunice and Alfred"), who filed their Petition for Letters of Administration on September 23, 2020. Attorney Georgette Bello Concepcion represents Cross-Petitioner Tommy H.S. Aflague ("Tommy"), who filed his Petition for Letters of Administration on October 9, 2020. Tommy also filed his Objection to Eunice Aflague's Petition for Letters of Administration and Objection to Consolidation of Estates ("Objection") on

October 9, 2020. Having considered the arguments and the applicable law, the Court hereby **DENIES** the consolidation of the estates of Hectore Camacho Sgambelluri, Hectore Cruz Sgambelluri, Rosie Sgambelluri Guerrero, Alfred C. Sgambelluri, and Frankie S. Aflague. The Court **GRANTS** Letters of Administration for the Estate of Hectore Camacho Sgambelluri to Tommy and Alfred P.C. Sgambelluri ("Alfred") jointly as co-administrators. The Court **ORDERS** that any probate matters relative to the Estates of Hectore Cruz Sgambelluri, Rosie Sgambelluri Guerrero, Alfred C. Sgambelluri and Frankie S. Aflague are hereby dismissed and must be filed separately. Finally, the Court **ORDERS** the Clerk of Court to amend the official caption in this matter and all future captions to reflect the Estate of Hectore Camacho Sgambelluri only.

## BACKGROUND

The instant matter involves the estates of five decedents: Hectore Camacho Sgambelluri, Hectore Cruz Sgambelluri, Rosie Sgambelluri Guerrero, Alfred C. Sgambelluri, and Frankie S. Aflague ("the Five Estates"). The Five Estates span three generations within the same family: (1) Hectore Camacho Sgambelluri (grandfather); (2) Hectore Cruz Sgambelluri, Rosie Sgambelluri Guerrero, and Alfred C. Sgambelluri (children of Hectore Camacho Sgambelluri); and (3) Frankie S. Aflague (grandson of Hectore Camacho Sgambelluri).



Eunice and Alfred filed their joint Petition for Letters of Administration for the Five Estates on September 23, 2020.

On October 9, 2020, Tommy filed his competing Petition for Letters of Administration, Declaration, and his Objection to Eunice and Alfred's Petition. Tommy's Petition seeks Letters of Administration for the Estate of Hectore Camacho Sgambelluri, but not the remaining four estates. Eunice and Alfred filed their Reply to Tommy's Objection on October 27, 2020. On November 24, 2020, Eunice and Alfred filed their written Consents and Nominations. On January 5, 2021, Tommy filed his Reply to Eunice and Alfred's Objection, along with a Declaration. The matter is now before the Court to decide who will serve as administrator of the estates.

DISCUSSION

## I. Consolidation of the Estates

The first issue the Court will address is consolidation of the Five Estates. Eunice and Alfred put forth several arguments favoring consolidation of the Five Estates,[1] while Tommy argues that the Five Estates should not be consolidated because the heirs and assets are not the same.[2] The Court takes each argument in turn.

### A. *The Court rejects Eunice and Alfred's argument that consolidation is supported by legislative intent for expeditious administration.*

#### 1. Eunice and Alfred's arguments under 15 G.C.A. § 4901 and § 4904 are unpersuasive.

Eunice and Alfred argue that Guam law includes a "legislative goal of 'expeditious administration [of probate] . . . . at a minimum cost.'" Co-Pet'rs Reply (Oct. 27, 2020) at 2 (citing 15 G.C.A. § 4901). However, 15 G.C.A. Section 4901 specifically applies to "a judgement [that] has been entered in the District Court of Guam, in Civil Action No. C-81-0112 RFP, approving the settlement of numerous claims for compensation in respect to land acquisitions by the United States of America after World War II." Relative to cases involving the administration of a land claims award, the Legislature found that "special amendments to the Probate Code of Guam permitting expeditions administration of compensation awards at minimum of cost are in the public interest, as such will encourage the prompt release of substantial sums into the economy of the territory." 15 G.C.A. § 4901. Eunice and Alfred also argue that expeditious resolution of probate is favored under 15 G.C.A. Section 4904, which does not require separate administration on the share of a deceased heir in a land claims award.

---

[1] Co-Pet'rs Reply (Oct. 27, 2020).
[2] Cross-Pet'r's Reply (Jan. 5, 2021).

The Court finds this argument to be irrelevant to the current matter at issue and unpersuasive because the statute is limited in scope. Particularly, the statute applies only in cases where the sole asset of a decedent's estate is a land claims award or monetary compensation paid by the United States pursuant to 48 U.S.C. Section 1424(c). 15 G.C.A. § 4902. The instant matter falls beyond the scope of the statute cited because none of the Five Estates involve a land claim award arising out of World War II. Instead, the assets in the instant matter include cash in the approximate sum of $527,382.59, to be distributed from a master probate estate.[3] For the above reasons, the argument for consolidation under 15 G.C.A. Sections 4901 and 4904 is unpersuasive.

### 2. Eunice and Alfred's arguments under 15 G.C.A. § 3101 and § 1005 are unpersuasive.

In further support of their argument that legislative intent favors consolidation, Eunice and Alfred cite to 15 G.C.A. Section 3101, which states in relevant part, "[w]hen a decedent leaves no real property, ... and the total value of the decedent's property . . . does not exceed Seventy-Five Thousand Dollars ($75,000)," persons who have a right to succeed the property or who are beneficiaries may collect any money due without procuring letters testamentary. 15 G.C.A. § 3101. Eunice and Alfred argue this further supports a finding of the legislative goal of expeditious treatment in probate.

Here, the amount in the instant case is valued at approximately $527,382.59, which far exceeds the seventy-five-thousand-dollar ($75,000) scope of the statute. Co-Pet'rs Pet. (Sept. 23, 2020) at 2. In fact, distribution to each of the Estates of Hectore Cruz Sgambelluri, Rosie Sgambelluri Guerrero, and Alfred C. Sgambelluri are expected to exceed $75,000. Cross-Pet'r's Reply (Jan. 5, 2021) at 3. Further, the record indicates that the Estate of Frankie S. Aflague will

---

[3] PR 0004-61, *Estate of Marcello Sgambelluri.*

include a one-half undivided interest in real property. *Id.* Because Section 3101 only applies to estates that do not exceed $75,000 and which do not leave real property, it does not apply in the instant matter. The Petitioners also argue that 15 G.C.A. Section 1005 supports expeditious administration and consolidation of estates; however this statute applies to community property a decedent held with a surviving spouse, which is not at issue. Because both 15 G.C.A. Sections 3101 and 1005 do not apply, the Court finds it unpersuasive that either support Eunice and Alfred's argument for consolidation of the Five Estates.

### B. Eunice and Alfred's arguments that consolidation is appropriate under the Guam Rules of Civil Procedure (GRCP) are unpersuasive.

Eunice and Alfred argue that consolidation of the Five Estates is permissible under Guam Rule of Civil Procedure ("GRCP") 18, GRCP 19, GRCP 20, and GRCP 21. Co-Pet'rs Reply (Oct. 27, 2020) at 4–6. GRCP 18 states in relevant part that "[a] party asserting a claim to relief as an original claim … may join … as many claims … as the party has against an opposing party." Guam R. Civ. P. 18(a). GRCP 19 concerns the joinder of persons needed for just adjudication, while GRCP 20 provides in part that "[a]ll persons may join in one action . . . if they assert any right to relief jointly … and if any question of law or fact common to all these persons will arise in the action." Guam R. Civ. P. 20. GRCP 21 states, "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any state of the action and on such terms as are just." Guam R. Civ. P. 21. Additionally, GRCP 42(a) also gives the Court discretion to consolidate actions or to otherwise avoid unnecessary costs or delay in cases involving a common question of law or fact. Guam R. Civ. P. 42(a). A trial court has broad discretion to determine whether consolidation is appropriate. *Price v. County of Orange*, 526 F.3d 1190, 1203 (9th Cir. 2008).

Here, Eunice and Alfred's Petition seeks not to consolidate traditional civil claims, but to consolidate five different estates that span over three generations. Each of these estates is distinct, with different heirs, assets and creditors. Because of the differing facts relative to each estate, the Court finds that consolidating this matter would lead to greater complexity, and thus greater cost and delay to reach resolution. Unlike a consolidated estate between a husband and wife with the same heirs, the instant matter involves extended family members with different heirs, assets, and creditors. The complexity of combining these estates would work against judicial efficiency. Thus, the Court finds it unpersuasive that consolidation under GRCP 18, GRCP 19, GRCP 20 and GRCP 21 is appropriate.

## II.   Priority

The second issue the Court will address is each petitioner's priority to serve as administrator under Guam law. In particular, Tommy objects to the appointment of Eunice as Administrator to the Estate of Hectore Camacho Sgambelluri by asserting she has lower priority. Cross-Pet'r's Obj. to Pet. (Oct. 9, 2020) at 2. The order of priority of those entitled to letters of administration under Guam law is as follows:

1) The surviving spouse....;
2) The children, or any of them;
3) **The grandchildren, or any of them;**
4) The parents, or either of them;
5) The brothers or sisters, or any of them;
6) The next of kin entitled to share in the estate, or any of them;
7) **The relatives of a previously deceased spouse, or any of them, when such relatives are entitled to succeed to some portion of the estate;**
8) The creditors, or any of them;
9) Any person, other than those provided above, who is competent....

15 G.C.A § 1805(a) (emphasis added). When there are several persons petitioning for and equally entitled to a grant of letters of administration, the Court may grant letters to one or more of them in its discretion. 15 G.C.A. § 1805(d).

Alfred and Tommy, as grandchildren of Hectore Camacho Sgambelluri, are both entitled to priority under Section 1805(a)(3). However, Eunice falls under Section 1805(a)(7) as a relative of a previously deceased spouse entitled to succeed some portion of the estate. Because Alfred and Tommy are provided greater priority under Guam law, the Court concludes that both Alfred and Tommy have higher priority over Eunice to be named estate administrators.

Eunice and Alfred argue that Tommy may object to Eunice serving as the representative of his grandfather's Estate under 15 G.C.A. Section 1805, but he cannot override her petition based upon her nomination by other heirs. Co-Pet'rs Reply (Oct. 27, 2020) at 7. Guam law allows an heir to nominate someone to serve as the administrator of the estate to which he or she may be entitled. Title 15 G.C.A Section 1807 states in relevant part:

> Letters of administration may be granted to one or more competent persons, although not otherwise entitled to the same, at the written request of the person entitled or of a child, grandchild, parent, brother or sister of the decedent who would be entitled but for his nonresidence in Guam. . . . If the person making the request ... is a child, grandchild, parent, brother or sister of the decedent, the nominee shall have priority next after those in the class of the person making the request.

15 G.C.A. § 1807. The Court may grant letters of administration to the nominee or to a person of a class subsequent in rank to that of the requesting person, but other persons in the class of the requesting person shall have priority over the nominee. *Id.*

Here, since all Hectore Camacho Sgambelluri's child heirs are deceased, his grandchildren are next in priority. Eunice needs a written request filed with the court reflecting that she is nominated by the grandchildren who are not residents nor physically present in

Guam.[4] Here, the file indicates that Eunice and Alfred have received the written nominations from Hectore Camacho Sgambelluri's grandchildren Teresita Gillikin, Mealinda Gehrke, Patrick Guerrero, and Gwen Guerrero.[5] Thus, Tommy and Alfred will take equal priority as Hectore Camacho Sgambelluri's grandchildren; followed by Eunice, who has been appointed by the consent of other grandchildren. However, Tommy still has priority over Eunice under 15 G.C.A. Section 1807 despite her nomination by other heirs within the same priority level.

## III. Competence

Tommy objects to the appointment of Eunice as Administrator to the Estate of Hectore Camacho Sgambelluri by claiming she is incompetent to serve as administrator due to "want of understanding and integrity." Cross-Pet'r's Obj. to Pet. (Oct. 9, 2020) at 3. A person is competent to serve as an administrator if he or she meets the qualifications required under 15 G.C.A Section 1701, which requires that an administrator (1) be of the age of majority; (2) be a resident of Guam; (3) be physically present in Guam; (4) not have been convicted of a felony; and (5) not be adjudged by the court as incompetent to execute his or her duties by reason of drunkenness, improvidence, or want of understanding or integrity. 15 G.C.A §§ 1701, 1801. However, because the Court has already determined that Eunice is of lower priority compared to Tommy, it need not address the issue of competence.

## IV. Objections to Tommy as Administrator

Finally, the court will address the objections of certain heirs to the appointment of Tommy as Administrator of the estates. On November 24, 2020, a Consent, Nomination and Objection was filed by eight heirs. The objections were filed by Maelinda Guerrero Gehrke,

---

[4] Hectore Camacho Sgambelluri's grandchildren who are not residence, not physically present in Guam include Teresita S. Gillikin, Maelinda Gehrke, Patrick Guerrero, Gwen Guerrero, Tammy Williams, and Tricia Sgambelluri.
[5] Consent, Nomination, and Objections from Teresita Gillikin, Mealinda Gehrke, Patrick Guerrero, and Gwen Guerrero were filed with the Superior Court of Guam on November 24, 2020.

Teresita Sgambelluri Gillikin, Gwendolyn Guerrero Barnes and Patrick Guerrero (grandchildren of Hectore Camacho Sgambelluri); Frankie Emilia Aflague, Francine I.S.A. Borja, and Palani Aflague (great grandchildren of Hectore Camacho Sgambelluri); and Teresita C. Scavetta (the surviving spouse of Alfred C. Sgambelluri). Each objected to "the appointment of Tommy Aflague as an Administrator ... as such appointment is not in the best interest of fair and just administration of these matters." These objections were conclusory in nature and no substantive evidence was provided as support. Without more, the court finds there is insufficient evidence to support the objections.

## CONCLUSION

For the above reasons, the Court **DENIES** the consolidation of the Five Estates. The Court **GRANTS** the Letters of Administration to the lead Estate of Hectore Camacho Sgambelluri to Alfred P.C. Sgambelluri and Tommy H.S. Aflague jointly as co-administrators The Court **ORDERS** that to the extent they have been filed, any probate matters relative to the Estates of Hectore Cruz Sgambelluri, Rosie Sgambelluri Guerrero, Alfred C. Sgambelluri and Frankie S. Aflague are hereby dismissed and must be filed separately. The Court further **ORDERS** the Clerk of Court to amend the official caption and all future captions in this matter to reflect the Estate of Hectore Camacho Sgambelluri only.

**IT IS SO ORDERED** APR 0 5 2021 _____.

HONORABLE ARTHUR R. BARCINAS
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
_Gary Gumataotao_
_Gwendolyn Concepcion_
Date: 4/5/21 Time: 4:19 PM

Deputy Clerk, Superior Court of Guam

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of:
_G. Gumataotao_
_Brooks Concepcion_
Date: 4/5/21 Time: 4:20 PM

Deputy Clerk, Superior Court of Guam

Page 10 of 10